**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:05CV102-C**

| | |
|---|---|
| MOYA R. BEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE OF NORTH CAROLINA, )<br>CITY OF CHARLOTTE, [and] )<br>POLICE OFFICER KOBEE )<br>MOORE, )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM AND RECOMMENDATION<br>AND ORDER** |

**THIS MATTER** is before the Court on the Defendants' "Motion to Dismiss" (document #2) and "Brief in Support ..." (document #3), both filed March 29, 2005; and the pro se Plaintiff's "Response ..." (document #4) filed April 6, 2005. The Defendants have not filed a reply, and the time for filing a reply brief has expired.

On June 29, 2005, this motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss be granted and that the Complaint be dismissed.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

Taking the allegations of the Complaint, including the information contained in traffic citations which the Plaintiff attached to his pro se pleading, as entirely true and construing them in the light most favorable to the Plaintiff, at 6:38 p.m. on February 21, 2005, Defendant Kobee Moore,

a Police Officer employed by the Charlotte-Mecklenburg Police Department ("CMPD"), was on regular patrol in his patrol car on East W.T. Harris Boulevard, Charlotte, North Carolina. As Officer Moore approached the intersection with The Plaza, he observed the pro se Plaintiff, Moya R. Bey, who was operating his 1991 Mazda automobile, drive through a red traffic light. Officer Moore then activated his blue light, and the Plaintiff stopped on the side of the road.

Upon approaching the Plaintiff's car and asking for his driver's license and registration, Officer Moore discovered that the Plaintiff did not have a valid driver's license in his possession and that rather than displaying a valid North Carolina license plate on his car, the Plaintiff had affixed a purported license plate entitled "Right to Travel Pembina Nation." Officer Moore then issued the Plaintiff two traffic citations, one for failing to stop for a red traffic signal and failing to carry a valid driver's license, and the second for displaying a fictitious license plate. The record does not reflect the nature of the disposition of these charges in state court.

On March 10, 2005, the Plaintiff filed a Complaint, which is entitled incorrectly "Notice of Removal," and alleged that Officer Moore "impaired and infringed ... [the Plaintiff's] right to travel," that is, the Plaintiff alleges that he is a "free and natural man" and that by failing to recognize the validity of the Plaintiff's "Pembina Nation" license plate and otherwise expecting the Plaintiff to comply with traffic laws, Officer Moore "breached a self executing contract [created by] ... Published Common Law Copyrighted property presented with a Published Copyright Notice." Document #1 at 1-2. Notably, the Plaintiff does not deny that he drove a red traffic light, nor does he contend that Officer Moore used excessive force or behaved improperly in any way, other than issuing the traffic citations.

The Plaintiff seeks $1,151,000 in damages allegedly incurred as a result of Officer Moore's

conduct, and apparently attributes liability to the Defendants City of Charlotte and State of North Carolina on the grounds that Officer Moore was acting as an agent of the City and/or State.

As he explains in his brief, the Plaintiff's claim is also premised on the misguided beliefs that he is entitled to operate an automobile free from the laws and regulations that govern all other drivers because "long ago [he] filed a copy of an affidavit asserting his right to travel with the Mecklenburg County Register of Deeds," and that by showing a copy of the affidavit to Officer Moore while the two were parked on the roadside, he stripped Officer Moore of lawful authority to issue the above-noted traffic citations. See document #4 at 2.

On March 29, 2005, the Defendants filed their Motion to Dismiss, which has been briefed as set forth above, and is, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIMS

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980

3

F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")(internal citation omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). This is particularly true of a motion to dismiss a complaint filed by a pro se plaintiff. Accord Haines v. Kerner, 404 U.S. 519, 520 (1972) (instructs court to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

In this case, however, even taking the limited allegations of the pro se Complaint as entirely true and construing every possible inference therefrom in the Plaintiff's favor, his claim against Officer Moore, the City, and the State must be dismissed.

Indeed, as the Defendants point out in their brief, the Plaintiff's lawsuit is based entirely on flimsy intellectual artifices such as "free and natural man," "right to travel," and "self-executing contract," which have utterly no basis in the law, but which are often presented by or on behalf of tax protesters and other individuals who contend that they can operate outside the constraints of the law.

Moreover, even assuming arguendo that the Plaintiff had alleged a claim under 42 U.S.C. § 1983 for violation of his constitutional rights against Officer Moore, the undisputed record establishes that the Plaintiff, in fact, drove through a red light, did not have a valid driver's license, and displayed a fictitious license plate. Accordingly, Officer Moore would be entitled to qualified immunity to any claim for unlawful seizure of the Plaintiff's person or unlawful arrest based on those facts because his conduct did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). See also Wilson v. Layne, 141 F.3d 111, 114 (4th Cir. 1998) (en banc), aff'd, 526 U.S. 603 (1999).

The purpose of the qualified immunity defense is to protect society from "the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." Anderson v. Creighton, 483 U.S. 635, 638 (1987). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). It protects law enforcement officers from "bad guesses in gray areas" and ensures that they are liable only "for transgressing bright lines." Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir. 1992). Accordingly, Officer Moore is entitled to qualified immunity because the Plaintiff has pled facts sufficient to show only that he properly was carrying out his assigned duties in investigating a routine traffic stop.

Finally, having found that Officer Moore was entitled to qualified immunity, that is, that there was no underlying constitutional injury, there is no basis for derivative liability under § 1983 against the Defendant City and State. Accord Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1979) (to establish agency's liability under § 1983, plaintiff must establish underlying constitutional injury); and Carter v. Morris, 164 F.3d 215, 217-19 (4th Cir. 1999) (same).

In short, other than the absurd notions that the Plaintiff is a "free and natural man," a member of "Pembina Nation," and thus not subject to the laws of the State, the Plaintiff has alleged nothing at all even hinting that any Defendant committed a constitutional violation. Accordingly, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss be granted.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all Discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendants' "Motion to Dismiss" (document #2) be **GRANTED;** and that the Complaint be **DISMISSED WITH PREJUDICE.**

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court, Ridenour, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to counsel for the Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

**Signed: July 28, 2005**

*Carl Horn, III*
_____

Carl Horn, III
United States Magistrate Judge